### STATE v. ANDREWS.

1. EVIDENCE—SELF-DEFENSE.—GENERAL REPUTATION for violence cannot be shown by specific acts of violence unless such acts are so connected in point of time with the fatal rencontre as to produce reasonable apprehension of grievous bodily harm and to reduce the other party to the apparent necessity to slay in self-defense.

17—73

2. IBID.—That a party has been tried for a criminal offense must be shown by record and not by parol.

3. IBID.—CROSS-EXAMINATION—HOMICIDE.—On cross-examination in a homicide case, solicitor may ask defendant where the woman was that he and deceased were loving, to show motive.

4. MUTUAL COMBAT—REQUEST.—Statement of law of mutual combat held to be clear, and if more specific definition be desired it should have been requested.

5. HOMICIDE—SELF-DEFENSE—BURDEN OF PROOF.—That defendant had no other safe reasonable means of escape, is a part of the plea of self-defense, and defendant must establish it by the preponderance of the evidence.

Before PURDY, J., Saluda, October, 1904.    Affirmed.

Indictment against Wis Andrews. From sentence, defendant appeals.

*Messrs. C. J. Ramage* and *Croft & Salley,* for appellant. *Mr. Ramage* cites: *As to charge:* 72 S. C., 97; 24 S. C., 591; 21 S. C., 595; 15 S. C., 381; 14 Rich., 230; 28 S. C., 573; 8 L. R. A., 494; 23 S. C., 105; 33 S. C., 28. *As to admission of evidence:* 40 S. C., 484; Green. Ev., secs. 51-52; 1 Whar. Crim. Ev., 2 ed., secs. 29, 267; 13 S. C., 453; 47 S. C., 90; 56 S. C., 360; 78 Va., 287; 2 M. & McC., 331; 62 L. R. A., 193.

*Messrs. Croft & Salley* cite: *On cross-examination defendant may be asked if he had not been convicted of perjury:* 66 S. C., 242; 72 N. Y., 571; 65 Me., 234.

*Solicitor R. A. Cooper* (oral argument).

February 19, 1906.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The defendant, Wis Andrews, shot and killed Willis Daniel on May 29, 1904, immediately after a religious service at Reedy Branch Church, in Saluda County.  Upon his trial for murder, the killing being undis-

puted, the issues were whether the defendant was guilty of murder or of manslaughter, or killed in self-defense. From conviction and sentence for manslaughter, the defendant appeals, alleging errors in the admission and exclusion of evidence and in the charge to the jury.

For the purpose of showing that the deceased was of violent disposition, counsel for the defense asked the witness, Mack Tillman, these questions: "Do you know that Willis was tried for assisting or being an accessory to the killing of Narrow Bell?" "Did you hear of his being in the Narrow Bell killing?" The general reputation of the deceased for violence might have been proved, but not particular acts of violence, unless such specific acts were so connected in point of time or occasion with the fatal rencontre as to produce reasonable apprehension of grievous bodily harm and reduce the other party to the apparent necessity to slay in self-defense. *State* v. *Smith,* 12 Rich., 443; *State* v. *Dill,* 48 S. C., 249, 26 S. E., 567; *State* v. *Thrailkill,* 71 S. C., 142. No such connection was here shown. Even if it had been the right of the defendant to prove deceased had been tried for murder, it was incumbent upon him to introduce the record as the best evidence of that fact. Certainly it could not be proved by mere hearsay. *State* v. *Williamson,* 65 S. C., 246, 43 S. E., 671. The exceptions as to the exclusion of the answers to these questions are, therefore, not well founded.

The defendant next alleges it was error to allow the solicitor to ask the defendant on cross-examination, "Where is that woman you and he [deceased] were loving and you and he were mad with each other about?" The defendant in response denied that there was any ill-feeling between himself and deceased about a woman, or that they had ever had any unpleasantness on that account, and the prosecution made no further effort to prove any such motive for the killing; the defendant, therefore, was not

prejudiced. But the question was competent on the cross-examination for the purpose of showing motive; the defendant having the right, however, to refuse to answer if the answer would have tended to criminate him. *State* v. *Williamson, supra.* The record does not indicate that the witness claimed the right to refuse to answer on this ground.

In the 5th, 6th, 7th, 9th and 10th exceptions, the defendant takes from the charge isolated sentences and imputes to the Circuit Court error in definitions of murder and of manslaughter, in not instructing the jury to consider any lack of testimony as well as the evidence actually introduced, and in charging the jury not to consider the testimony, or at least leaving it in doubt as to whether it was their duty to consider it. No reference is made to these exceptions in the argument, for the reason, no doubt, that on reflection counsel perceived they were without foundation. Definitions of murder and of manslaughter were accurate and full, and the jury were instructed to consider the entire case and give the defendant the benefit of any reasonable doubt.

As to mutual combat, the Circuit Judge charged: "Something has been said in your hearing about the law in reference to mutual combat, where two persons mutually engage in combat, and one kills the other, and at the time of the killing it be maliciously done, it is murder; if it be done in sudden heat and passion upon sufficient provocation without premeditation or malice, it would be manslaughter." This language seems perfectly clear, but if any more specific definition of mutual combat was desired it should have been requested.

The refusal of the following request is assigned as error in the 11th exception: "That as to question as to a safe, reasonable means of escape in a homicide case, it is incumbent on State to show that the defendant had such a safe, reasonable means of escape beyond a reasonable doubt." "The absence of other probable means of escape is an essential element of the plea of self-defense, and

like its other elements must be established by the preponderance of the evidence." *State* v. *Thrailkill*, 71 S. C., 146. The burden was not on the State to establish that there was such probable means of escape, and the request was properly refused. The law was correctly given to the jury in the following language of the Circuit Judge: "When he undertakes to make out the plea of self-defense, he has to make that good only by the preponderance of the evidence, and if on that and on the testimony arising in the whole case you have a reasonable doubt as to his guilt on any material point, he must have the benefit of that doubt, and acquittal must follow on the matter on which you have a reasonable doubt."

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.