### STATE v. MILLER.

1. HOMICIDE.—EVIDENCE tending to show that a defendant in a homicide case, fifteen or twenty minutes before homicide, was traveling in the direction of the killing, hollering and shooting, and a short while before reaching his victim he made a violent and unprovoked attack upon another, is competent to show state of mind of defendant.

2. EVIDENCE.—ADMISSION by a party charged with homicide five or ten minutes afterward that he had shot a man, is competent to show that he committed the deed.

3. CHARGE—REPUTATION.—It is proper for Judge to instruct the jury that the statement of a witness as to reputation, "so far as I know, it was good," must be taken in connection with what the witness said other persons said with reference to the reputation in question.

4. IBID.—MALICE.—The instruction that "malice has been defined to be a term of art importing wickedness and excluding just cause and excuse," has not the tendency to impress the jury that mere wickedness is malice.

5. IBID.—Instruction that under plea of not guilty defendant is entitled to benefit of all evidence that may inure to his benefit, does not exclude the proposition that defendant is entitled to any benefit arising from failure or lack of proof.

6. SELF-DEFENSE.—CHARGE as to self-defense held to be full and clear, and in accordance with the rule laid down in *State* v. *McGreer,* 13 S. C.

Before PURDY, J., Saluda.   Affirmed.

Indictment against Sion Miller and Russell McCormick, for murder of Richard Truesdale.   From sentence on verdict of guilty of manslaughter, defendants appeal.

*Mr. C. J. Ramage,* for appellants, cites: *Evidence of acts of defendant preceding homicide are incompetent:* 40 S. C., 484; Green. on Ev., secs. 51-52; 1 Whar. Crim. Ev., 2 ed., secs. 29, 267; 13 S. C., 453; 47 S. C., 90; 56 S. C., 360; 78 Va., 287; Taylor on Evidence, 304-5-6-7-10, 312, 522, 628 L. R. A., 193.   *Rules of evidence same in criminal as in civil cases:* 2 N. & McC., 331.

*Solicitor R. A. Cooper,* contra (oral argument).

February 20, 1906.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   Sion Miller, Joe B. Miller and Russell McCormick were indicted for the murder of Richard Truesdale.   Sion Miller and Russell McCormick were convicted of manslaughter and sentenced to imprisonment in the State Penitentiary at hard labor for ten years.

The homicide occurred in Saluda County, in the afternoon of June 11, 1904, at Long Bridge on the Mt. Willing Road leading from Batesburg to said bridge. The defendants that afternoon, previous to the homicide, passed by the home of W. L. Wise on said road, about three miles from Long Bridge, going in the direction of said bridge. The witness W. L. Wise was, over objection, permitted to testify that about fifteen or twenty minutes before defendants passed his house that afternoon he heard hollering and pistol shots up the road in the direction from which they were coming, and this ruling is the foundation of the first exception, the appellant alleging that the testimony was not sufficiently connected in point of time with the killing and not calculated to explain any phase of the homicide. The witness Lawrence Hartley, a negro, was, over objection, permitted to testify as to the unprovoked and violent conduct of defendant Russell McCormick towards him on said road that afternoon, about one-quarter of a mile from Wise's house. The witness testified: "Mr. McCormick said, 'Hello, nigger.' I said, 'Good evening, Mister.' He said, 'Raise your hat to me, if you don't I will shoot your God damn brains out.' I could not raise my hat at once. He caught hold of my mule's bridle and drew a knife on me and said, 'If you don't raise your hat to me I will cut your God damn heart out;' and I raised my hat to him." This testimony was admitted on the ground that it tended to show the defendant's state of mind a short time before the homicide. This ruling is the basis of the second exception, which contends that such conduct was not connected with the homicide and had no tendency to show defendant's frame of mind towards the deceased.

The general rule is that proof of distinct and independent offenses is not admissible on the trial of a person accused of crime, but there are exceptions to or modifications of this general rule, as where such evidence reasonably tends to show the malice, intent or motive of the defendant with re-

spect to the crime charged, or to show the identity of the defendant and his connection with the crime charged, or where the offense is so closely connected with the crime charged as to bring it within the rule of *res gestae.* Wharton's Crim. Ev., 8th ed., secs. 30-47. See, also, a full and elaborate note to *People* v. *Molineux,* 62 L. R. A., 193. The testimony admitted tended to show. that the defendants were, a short time before the homicide, approaching the place where it occurred, armed with a deadly weapon and with a mind ready for mischief. The conduct, actions and general behavior of the accused immediately before the killing is admissible to show that he was armed and in a vicious humor. 4 Elliott on Ev., sec. 3029.

The sixth exception alleges error in permitting the witness W. C. Duncan to testify, over objection, on cross-examination by the solicitor, that defendants, five or ten minutes after the homicide, in a short conversation with witness, said that they had shot a darkey. The ground of objection was not made known to the Circuit Court, but the testimony is clearly competent to show that they committed the homicide.

The seventh exception relates to remarks of the Court in connection with the testimony of J. A. Ridgell, offered by the State to prove the reputation of the deceased for peace and good order. After the witness in his testimony said, "So far as I know, it was good," the Court properly remarked: "In order that there may be no misunderstanding about this matter, when you attempt to prove the good character, or the bad character, by reputation, not by what you know about it, or what the witness knows about it, but by showing what people generally say about the witness whose character is assailed, or whose character is sought to be bolstered up. Reputation is what people say and think about a man. This witness's testimony will be taken in connection with what he said about what people said about the deceased."

The Judge charged the jury: "Now malice has been defined to be a term of art importing wickedness and excluding just cause or excuse. It is something that springs from wickedness, from depravity, from a depraved spirit, from a spirit at the time bent on mischief, and not then having a regard for the social obligations, or the obligations which rest upon mankind." The third exception alleges error in this charge in that it confounds wickedness and malice, and the instruction had a tendency to make the jury believe that mere wickedness in a defendant is equivalent to malice. We see no merit in this exception. The charge was correct.

The Court also charged: "Now the defendants come into Court and say not guilty, and when they say not guilty they are not called upon to name any special defense beyond just saying not guilty, but any defense that may arise from the testimony that inures to their benefit; they may set up a special plea, or may not set up any special plea. Under the plea of not guilty they are entitled to the benefit of all the testimony in the case that may inure to their benefit." In their fourth exception appellants allege that the Court erred in charging the last sentence above, in that he should have charged the jury that defendants were also entitled to any benefit arising from the failure of proof or lack of testimony. This exception cannot be sustained. We see nothing in the charge excluding the matter which appellants claim should have been incorporated, and in other portions of the charge it was made manifest to the jury that it was the duty of the State to prove its case against the defendant beyond any reasonable doubt.

The fifth and remaining exception assigns error in the charge as to self-defense in not distinguishing between an absolute and an apparent necessity to strike. The charge was full and clear on that point as shown by this extract from the charge, the first sentence being the portion to which exception is taken: "The whole

thing of self-defense after all is summarized and embraced in one word, necessity. The law of self-defense is founded in necessity, and if it be not necessary to take human life, if it appear not to be necessary to take human life at the time it was taken, the law of self-defense falls to the ground. There must be some real or some apparent necessity for taking human life, the party must be actually in imminent danger or he must believe he was in imminent danger, before he can strike. So far as the law of self-defense is concerned, it does not make one shadow of difference whether the danger was real or not, if the party actually, honestly believed at the time he was in danger of receiving seriously bodily harm, or suffering death at the hands of the party slain." The charge as a whole was very full on the subject of self-defense and the law was declared in accordance with the rule stated in *State* v. *McGreer*, 13 S. C., 466.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.