## 7620

### STATE v. SPRINGFIELD.

1. EXCEPTIONS.—Only the error alleged in an exception can be considered.

   MR. JUSTICE HYDRICK *thinks this rule does not require the assignment in exceptions of the reasons in detail why the matter complained of is erroneous.*

2. EVIDENCE—SELF-DEFENSE.—Excluding evidence in a murder case of violence of the father to the mother immediately before shooting by the son under defense of self-defense, is not harmful here as there was admitted other and stronger evidence of hostility of the father to the son.

Before ALDRICH, J., Greenville, September term, 1909. Affirmed.

Indictment against Young Springfield for murder of Thomas Springfield. Defendant appeals from sentence on the following exceptions:

1. "That the presiding Judge erred in excluding the testimony offered by the defendant tending to show that shortly before he shot and killed the deceased, the deceased was in a drunken and turbulent humor; that he abused and beat his wife, the mother of the defendant; that he pressed a hatchet against her forehead and threatened to kill her if she spoke; that he drew a gun upon her and threatened to take her life.

2. "The presiding Judge erred in excluding the answer of the witness, Mrs. M. E. Springfield, to the following question: 'Prior to that time had Thomas Springfield beaten you?' Specification: This testimony was competent and relevant upon the ground that the defendant had interposed

a plea of self-defense; that he was entitled to prove every fact and circumstance connected with the conduct of the deceased occurring shortly before the fatal encounter, which was fairly calculated to create an apprehension for his own safety; that particular acts of violence were relevant to show an apprehension on the part of the defendant of violence from the deceased.

3. "The presiding Judge erred in excluding the answer of the witness, Mrs. M. E. Springfield, to the following question: 'What occurred between you and your husband directly before the shooting, if he offered personal violence to you in any way?' Specification: This testimony was competent and relevant upon the ground that the defendant had interposed a plea of self-defense; that he was entitled to prove every fact and circumstance connected with the conduct of the deceased occurring shortly before the fatal encounter, which was fairly calculated to create an apprehension for his own safety, that particular acts of violence were relevant to show an apprehension on the part of the defendant of violence from the deceased.

4. "The presiding Judge erred in excluding the answer of witness, Mrs. M. E. Springfield, to the following question: 'Did Thomas Springfield press a pistol against your head that morning shortly before he told you that was your last day?' Specification: This testimony was competent and relevant upon the ground that the defendant had interposed a plea of self-defense; that he was entitled to prove every fact and circumstance connected with the conduct of the deceased occurring shortly before the fatal encounter. which was fairly calculated to create an apprehension for his own safety; that particular acts of violence were relevant to show an apprehension on the part of the defendant of violence from the deceased."

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Individual acts of violence immediately before difficulty*

*admissible:* 12 Rich., 443; 73 S. C., 259; 92 N. W., 695; 43 S. C., 62; 73 S. C., 516, 577; 71 S. C., 140.

*Solicitor Bonham,* contra.

July 14, 1910. The opinion of the Court was delivered by

Mr. Justice Gary. The following statement appears in the record:

"The defendant was indicted in the Court of General Sessions for Greenville county, for the murder of his father, Thomas Springfield, at Greenville, South Carolina, on December 30th, 1908. Tried before Judge Robert Aldrich and a jury, at Greenville, at September term, 1909; verdict, guilty of manslaughter. Sentence, two years at hard labor in the State penitentiary.

"Upon the trial of the case, the defendant offered testimony, to show that shortly before he shot and killed the deceased, the deceased was in a drunken, turbulent humor; that he abused and beat his wife, the mother of the defendant; that he pressed a hatchet against her forehead, and threatened to kill her if she spoke; that he drew a gun upon her, and threatened to take her life. This testimony was excluded by the presiding Judge, upon the ground that it was irrelevant."

The ground of error is thus specified: "This testimony was competent and relevant, upon the ground that the defendant had interposed a plea of self-defense; that he was entitled to prove every fact and circumstance connected with the conduct of the deceased, occurring shortly before the fatal encounter, which was fairly calculated to create an apprehension for his own safety; that particular acts of violence were relevant to show an apprehension on the part of the defendant, of violence from the deceased."

No other ground of error can be considered.

Sam Johnson, a witness for the State, testified on cross-examination that he had seen the deceased draw his pistol, and heard him threaten to kill the defendant; that the deceased was drinking some, about ten o'clock, on the morning of the difficulty; that he had heard him threaten Mrs. Springfield, his wife, and say to her, with an oath, "today is your last." Mrs. M. E. Springfield, wife of the deceased, was asked the question: "What was his (her husband's) condition that day, do you know?" Her answer was: "Drinking, as usual."

Zed Hall, a witness for the defendant, testified as follows: "Do you know whether or not you saw Mr. Springfield take a drink before the shooting? Yes, sir. Who with? Myself. * * * Was he drinking that day? Yes, sir. How long had you been with him? Several years. I asked Mr. Stroud, who testified, if you advised him to go from the store up to the house, and he said you did. Had you been to the house just before? Yes, sir. How long was that before the shooting? Was an hour and a half, something like that. I want to ask you, what was his condition, with reference to turbulence, the frame of mind he was in, with reference to turbulence and violence at that time? Very rough. Was it in consequence of that, you asked Stroud to go up there? Yes, sir. Was there anybody else at the store? Yes, sir. You had been called to the house? Yes, sir. That was the condition in which you found him, when you went over there? Yes, sir. Did you ever hear Thomas Springfield threaten the life of Young? Yes, sir. Did you ever see him do bodily violence to him or bodily harm to him? I have seen him choke him. How much did he choke him? Choked him pretty bad."

Elliott Batson, another witness for the defendant, thus testified: "I want you to state, whether or not you ever heard Thomas Springfield admit that he had threatened the life of Young Springfield? Yes, sir; I heard him say that he threatened the life of Young Springfield, and said that he

had reconsidered it, and that it would be too bad. That was during the time that he was gone, that he said I have reconsidered that. I says that would be too bad; never do anything like that. I says, Young will come back after a while, and he says, I will whip him for it if it takes me fifty years."

Young Springfield, the defendant, testified as follows: "Did you know of the way your father had mistreated and beaten your mother? Yes, sir; been knowing it for years. You heard Mrs. Springfield, your Aunt Ella, talking about what he said; what did you say there? I didn't say what they said. I said that I was going for my gun, that I might need it; I didn't say anything about any killing. Did you say anything about your father had beaten your mother? Yes, sir. Where was your mother then, was she away from home then? Yes, sir. Did you go up there while she was there? Yes, sir. Did you advise her about conditions at home? Yes, sir. What was your father's condition when you went up there? Drunk and disorderly."

The foregoing not only shows that testimony similar to that which was excluded, was introduced without objection, but that other and stronger testimony was admitted without objection, tending to show the hostile attitude of the deceased towards the prisoner, and rendering it necessary for the defendant to be on the alert against attack by the deceased.

Appeal dismissed.

MR. JUSTICE HYDRICK, *concurring:* In view of the circumstances under which the testimony was excluded, I think the first exception, which assigns error in excluding it, without specifying the purpose for which it should have been admitted, as the other exceptions do, is sufficient to require the consideration by this Court of the question of its relevancy for any purpose. The rule that an exception must specify the error complained of does not require the assignment in the exception of reasons in detail

why the matter complained of is erroneous; for that is argument, which, in my opinion, should not, but too often does, encumber the exceptions, as a result of a too rigid construction of the rule.

The record shows that the testimony was excluded on the objection of the solicitor, without stating the ground of his objection; and the Court promptly ruled it out, on the ground that it was irrelevant. Counsel for the defendant were not requested by the Court to show its relevancy, and, under rule 11 of the Circuit Court, it would have been improper for them to have attempted to do so, without a request from the Court. Therefore, I think this Court should, under the first exception, consider whether the testimony was relevant; and, if so, whether its exclusion was prejudicial.

Under the plea of self-defense, the defendant had the right to introduce any testimony which tended to show that immediately before the fatal encounter, deceased was in a vicious humor not only towards the defendant himself, but also toward others, for that tended to throw light upon the question: Who was at fault in bringing on the difficulty? which was of vital importance. That is one reason for the admission of evidence of uncommunicated threats against the defendant (*State* v. *Fails,* 43 S. C., 61, 20 S. E., 798) and of the general behavior of the accused, immediately before the difficulty, in such cases. *State* v. *Thrailkill,* 71 S. C., 140, 50 S. E., 551; *State* v. *Miller,* 73 S. C., 277, 53 S. E., 426.

But, in this case, the verdict could not have been based on the finding that the defendant was at fault in bringing on the difficulty, for all the testimony, both on the part of the State and of the defense, pointed beyond all doubt to the fact that the attack upon the defendant was unprovoked by him; and, for that reason, I concur in affirming the judgment.