7941

STATE v. BARWICK.

1. EVIDENCE.—A defendant in a homicide case may be asked on cross-examination if he did not make, under oath before the mayor, certain statements which tend to controvert his defense.
*State* v. *Senn, 32 S. C. 396, distinguished from this case.*

2. IBID.—OPINION.—A conclusion as to the direction of sound is not opinion evidence but a matter of fact or knowledge.

3. JURY.—Permitting the jury at their request to take into their room a diagram of the place of the shooting over objection of defendant that it was not correct, they having heard the evidence on this point, is not an abuse of discretion.

4. CHARGE.—Where a witness in a homicide case admits that he may have jokingly said the country was going to the devil, if they would convict a white man for killing a negro, it is proper for the Judge to instruct the jury that there is no distinction in the administration of the law between people of different races.

5. CHARGE.—Where the evidence for the State in a homicide case is both direct and circumstantial and there is no request to instruct as to the rule governing conviction on circumstantial evidence alone, it is not error not to give such instruction.

Before SEASE, J., Sumter, October, 1909. Affirmed.

Indictment against Robt. M. Barwick. Defendant appeals.

*Messrs. H. C. Haynesworth* and *John H. Clifton,* for appellant, cite: *Defendant should not be required to furnish*

*testimony against himself:* 32 S. C. 402. *Reasonable doubt:* 76 S. C. 94; 72 S. C. 223.

*Solicitor P. H. Stoll,* contra, cites: *Defendant may be treated as any other witness:* 26 S. C. 117; 34 S. C. 576; 32 S. C. 392. *Self-defense:* 66 S. C. 449. *Legal provocation:* 65 S. C. 174. *Force an officer may use in making an arrest:* Hughes Cr. L., sec. 2654; 2 Bish. Cr. L., sec. 648. *State's case did not rest on circumstantial evidence, and hence it was not error to fail to instruct as to rule of:* 35 S. C. 340. *Evidence of nonexpert witness:* 55 S. C. 339.

July 5, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The defendant in October, 1908, was policeman of the town of Pinewood. in Clarendon county, and on the arrival of the Saturday night train from Sumter was opening a way through the crowd for some lady passengers, when Thomas Singleton. according to defendant's version, declared he would stand back for no damn man, whereupon defendant seized Singleton to arrest him for cursing and refusing to open the way. Singleton broke loose and ran and the defendant pursued. firing his pistol towards him several times. The deceased, Sam Bracy, was standing in line of the firing and was struck by a bullet, which gave him a mortal wound, of which he died some days later in a hospital in Sumter, S. C. The defendant was indicted for the murder of Bracy, and was convicted of manslaughter with recommendation of mercy.

The testimony for the State was to the effect that deceased was struck by a bullet from the pistol of defendant; but the defendant testified to the effect that Singleton, while running away, or some one in the direction he was running, shot at defendant, that defendant did not shoot until after this firing, and the suggestion was that deceased may have been shot by Singleton. On cross-examination

of defendant, who had testified in his own behalf, the solicitor was allowed to interrogate defendant as to his statements under oath before the mayor's court.

Defendant was asked if he did not state before the mayor: "I did not see Singleton with a pistol, but he shot back at this place; also, he shot before he got to the man that was shot." "If Singleton shot at all, he shot before he got to the man that was shot." The effect of this statement, if true, would be to show that if Singleton shot in such a situation he could not have hit deceased. The defendant denied that he made such statement, and no effort was made to contradict by any written statement or otherwise.

The first, second and third exceptions allege that it was error to admit this testimony, which in effect was compelling defendant to give testimony against himself, in violation of article I, section 17, of the Constitution, which provides that no person shall be compelled in any criminal case to be a witness against himself. Appellant relies upon *State* v. *Senn*, 32 S. C. 396, to sustain these exceptions, but we do not think the case is controlling. The question in that case was whether the coroner could testify as to statements made at the inquest by one then examined as a witness, who was afterwards indicted and was on trial. Justice McIver was of the opinion that parol evidence of such statement was not admissible when the statement was in writing; and, further, that such admissions were not free and voluntary when made by a witness under summons to testify. Justice McGowan held the testimony admissible. While Chief Justice Simpson appears to have concurred generally in the opinion of Justice McIver, he, nevertheless, endorsed on the opinion of Justice McGowan his reasons for not concurring therein, and these reasons contained no objection to the view of Justice McGowan on this point. The ques-

tion at bar is different.  Section 64 of the Criminal Code provides:

"In the trial of all criminal cases the defendant shall be allowed to testify (if he desires to do so, and not otherwise) as to the facts and circumstances of the case;" and section 65 provides that no person shall be required to answer any question tending to criminate himself.  When a defendant voluntarily elects to be a witness in his own behalf he thereby assumes the position of any ordinary witness, and is, therefore, subject to cross-examination to test his accuracy, veracity, or credibility, subject to the control of the trial Court, and subject to his right to decline to answer any question tending to criminate him.  *State* v. *Williamson*, 65 S. C. 245, 43 S. E. 671; *State* v. *Andrews*, 73 S. C. 260, 53 S. E. 423; *State* v. *Stukes*, 73 S. C. 391, 53 S. E. 643; *State* v. *Rowell*, 75 S. C. 508, 56 S. E. 23; *State* v. *Hunter*, 82 S. C. 157, 63 S. E. 285.

The witness, Toomer, over objection that the testimony was matter of opinion, was allowed to state the direction of the first shot he heard, judging from the sound of it.  The exception to this ruling cannot be sustained.

A conclusion as to the direction of sound is an instantaneous deduction or impression from the sense of hearing and does not fall within the class of opinion evidence, but is a matter of fact or knowledge, within the rules of the law. McKelvey on Ev., par. 123, 124.

When the jury was about to retire they asked whether they might take with them a diagram of the locality of the shooting, which had been introduced in evidence without objection.  Counsel for defendant called attention to the fact that the diagram was incorrect, and by this objected to the jury having the diagram.  The Court permitted the jury to take the diagram with them, and this action is the basis of an exception.

"Allowing papers introduced in evidence to be taken by the jury to their room rests in the discretion of the presiding Judge, which will not be disturbed except in case of abuse." *Church* v. *Elliott,* 65 S. C. 258.

We find no abuse of discretion here. Whatever evidence there was to show wherein the diagram was incorrect was before the jury.

One of the witnesses for the defense admitted that he may have said in a joking way, without meaning it, that the country was going to the devil if they would convict a white man for killing a negro. The Court charged the jury: "The law is applicable the same to every man. The law knows no pets; the law knows no difference between an Indian, Japanese, a citizen of the State, an African, or a Caucasian. I could not charge you different law according to the parties interested, much less could you try the facts differently, the parties being of a different race, either Japanese, Chinese, African, or Caucasian. There is no color line in the law, and there shall be none under your oath in the jury box."

The appellant excepts to this charge, as upon a matter not in issue and as tending to divert the jury from the true consideration of his defense. We think the charge was not only sound, but was proper under the circumstances and could not possibly have prejudiced any right of defendant.

The thirteenth exception is based upon a misapprehension of the charge, as it clearly appears therein that the jury were instructed that to convict defendant they must find him guilty beyond a reasonable doubt.

The fourteenth exception assigns error in failing to instruct the jury that when the proof of the State rests upon circumstantial evidence, the circumstances must admit of no other reasonable hypothesis than that the defendant did the killing.

The State's evidence was both direct and circumstantial. There was no request by defendant for special instruction

as to the rule governing conviction on circumstantial evidence alone, and in the absence of such a request a mere failure to charge in this respect is not reversible error. The general law applicable to the case was charged and the defendant given the benefit of any reasonable doubt of his guilt.

The remaining exceptions were not discussed or relied on in argument of appellant, and we deem it only necessary to say that they afford no good ground for reversal.

The judgment of the Circuit Court is affirmed.