## 11558

### STATE v. HILL

(123 S. E., 817)

1. HOMICIDE—WHEN EVIDENCE OF VIOLENCE ON DECEDENT'S PART ADMISSIBLE STATED.—Evidence of other specific instances of violence on decedent's part are not admissible, unless they are di-

Note: On the question of evidence and instruction as to character of accused, see note in 20 L. R. A., 609.

rected against defendant, or, if directed toward others, were so closely connected in point of time or occasion with the homicide as reasonably to indicate decedent's state of mind at time of homicide, or to produce apprehension of great bodily harm.

2. CRIMINAL LAW—CONTENTION OF ERROR DISMISSED, WHERE PARTICULAR EVIDENCE EXCLUDED NOT POINTED OUT.—Appellant's failure to point out, either in his exceptions or argument, particular evidence excluded, is sufficient to dismiss contention of error.

3. HOMICIDE—CRITICISM OF CHARGE AS TO PLEA OF SELF-DEFENSE HELD HYPERCRITICAL.—Criticism of charge that, in order to establish his plea of self-defense, defendant must show that there was no other reasonable means of escape, in that reasonable means of escape do not deprive defendant of his plea, unless it had so appeared to defendant as a man of ordinary prudence and firmness, *held* hypercritical.

4. CRIMINAL LAW—CRITICISM OF CHARGE AS TO GOOD REPUTATION HELD WITHOUT MERIT.—Criticism of charge that "as to good reputation you can consider that like any other testimony; not that the law says that a man can kill another because he has a good reputation, but the jury can take the good reputation into consideration in determining whether or not he committed the crime," *held* without merit.

5. CRIMINAL LAW—INSTRUCTION AS TO DECEDENT'S BAD REPUTATION HELD NOT REVERSIBLE ERROR.—Instruction that jury can consider decedent's bad reputation on question whether that would justify one in construing his actions more harshly, and of acting more quickly, *held* not reversible error, in absence of request to extend instruction to questions as to who provoked difficulty, and as to reasonable means of escape.

Before FEATHERSTONE, J., Aiken, October, 1923. Affirmed.

John Hill was convicted of manslaughter and appeals.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *Error to exclude testimony as to appearance of deceased and specific instances of violence on his part:* 86 S. C., 323. *Jury should have been allowed to consider evidence as to character:* 25 S. C., 177; 13 S. C., 30; 30 C. J., 174; 71 Ala., 351; 68 S. C., 306; 13 R. C. L., 916, 918.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Relevancy and admissibility of testimony largely in discretion*

*of Court:* 65 S. C., 1; 85 S. C., 273. *Reputation cannot be proven by specific instances:* 72 S. C., 74; 73 S. C., 257; 123 S. C., 24. *Charge as to retreat proper:* 73 S. C., 257; 85 S. C., 64; 116 S. C., 284; 119 S. C., 120. *How far character may be considered:* 24 S. C., 593; 83 S. C., 34.

July 30, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from conviction of and sentence for manslaughter upon an indictment charging the defendant, John Hill, with the murder of his brother, Tom Hill, in Aiken County, on or about September 10, 1923. The exceptions raise the following questions:

(1) Did the Circuit Judge err in excluding evidence of specific instances of violence on the part of the deceased towards members of the defendant's family and neighbors, and especially towards the father of the defendant?

(2) Did the Circuit Judge err in charging the jury that, in order to establish his plea of self-defense, the defendant must show "that there must have been (was) no other reasonable means of escape?

(3) Did the Circuit Judge err in charging the jury that evidence of the good reputation of the defendant was limited to the question whether or not the defendant committed a crime?

(4) Did the Circuit Judge err in charging the jury that evidence of the bad reputation of the deceased was limited to the question whether or not, in view of the fact, the defendant would have been justified in construing the acts of the deceased more harshly or acting more quickly?

*The First Question.*—The rule is that evidence of other specific instances of violence on the part of the deceased are not admissible, unless they were directed against the defendant, or, if directed towards

others, were so closely connected in point of time or occasion with the homicide as reasonably to indicate the state of the mind of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm. A similar question in reference to the conduct of the *defendant* has recently been considered by this Court in the case of *State v. Gregory,* 120 S. E., 499, in which it is declared that the conduct, actions, and general demeanor of the accused immediately before the killing is admissible to show that he was in a vicious humor, as bearing upon the great issue in the case, his frame of mind at the time of the homicide. *State v. Miller,* 73 S. C., 280; 53 S. E., 426; 114 Am. St. Rep., 82. *State v. Rowell,* 75 S. C., 494; 56 S. E., 23; 4 Elliott, Ev., § 3029. The same rule should apply on behalf of the accused in establishing the temper of the deceased at the time of the fatal encounter. *State v. Dean,* 72 S. C., 74; 51 S. E., 524. *State v. Andrews,* 73 S. C., 257; 53 S. E., 423. *State v. Springfield,* 86 S. C., 323; 68 S. E., 563.

The appellant does not point out, either in his exceptions or argument, the particular testimony which was excluded, which alone would be sufficient to dismiss the contention of error. A careful examination of the testimony convinces us that the proposed evidence had no connection, either in point of time or effect, with the homicide, and under the rule stated was properly excluded.

*The Second Question.*—The Circuit Judge charged the jury:

"There must have been no other reasonable means of escape. If a man can avoid the necessity without increasing his danger, then he must do it. However, he is not bound to retreat, for (if ?) by doing so he would increase his danger, but if he can do it without increasing his danger he must do it."

The criticism of the charge is that there might have been a reasonable means of escape as a matter of fact, but

that this would not have deprived the defendant of his plea of self-defense unless it had so appeared to the defendant as a man of ordinary prudence and firmness. The objection is hypercritical, for the element of "reasonableness" necessarily implies that such characteristic would have been apparent to a man of ordinary prudence and firmness; if it was not so apparent, it could not be considered as a reasonable means of escape. The charge is sustained by *State v. Andrews,* 73 S. C., 257; 53 S. E., 423. *State v. Chastain,* 85 S. C., 64; 67 S. E., 6. *State v. Herron,* 116 S. C., 284; 108 S. E., 93. *State v. George,* 119 S. C., 120; 111 S. E., 880, and *State v. Abercrombie,* 114 S. C., 241; 103 S. E., 524.

*The Third Question.*—The Circuit Judge charged jury as follows:

"As to good reputation, you can consider that like any other testimony. Not that the law says a man can kill another because he has a good reputation, but the jury can take the good reputation into consideration in determining whether or not he committed a crime."

The appellant's objection to this charge is that:

"The jury should not have been limited, but the good reputation should have been considered, like any other testimony, throughout the whole case, and as bearing thereupon, without any limitation whatever."

The charge by its very terms answers the appellant's criticism. Evidence of the defendant's good *reputation* for peace and good order is strougly persuasive of his good *character* in that respect, and is offered for the very purpose stated by the Circuit Judge, to show the improbability that the defendant would have committed or did commit the crime charged. 30 C. J., 170.

*The Fourth Question.*—The Circuit Judge charged the jury:

"The jury can also take into consideration the bad reputation of the deceased, because it is for the jury to say,

in weighing the bad reputation of the deceased, whether or not that would have justified a man in construing his actions more harshly and of acting more quickly."

The appellant's objection to this charge is that:

"This testimony should have been applied by the jury to the entire case, and may be useful in the consideration of the jury as to the intention of the parties, and may even be useful in generating a reasonable doubt, and should be considered as to who was the aggressor."

Evidence of the reputation of the deceased for turbulence and violence is admissible only in cases in which the plea of self-defense has been interposed, supported by some evidence, and as bearing upon that defense. 30 C. J., 170. It has a direct bearing upon each of the four familiar elements of the plea, but particularly upon the element of a reasonable apprehension of immediately impending danger upon the part of the defendant. This is the element manifestly that the Circuit Judge had in mind; and while it may also have had a bearing upon the questions of who provoked the difficulty and the reasonable means of escape, the charge doubtless would upon request have been extended to them. The omission, in the absence of a request, does not constitute reversible error.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.