13157

STATE v. CROSBY

(158 S. E., 685)

January, 1930.

*Messrs. Padgett & Padgett,* for appellant,

*Messrs. Randolph Murdaugh, Solicitor,* and *Padgett & Moorer,* for State,

May 12, 1931.

The opinion of the Court was delivered by Mr. Justice Carter.

The defendant, Ashley Crosby, was tried at the January, 1930, term of Court of General Sessions for Colleton County before his Honor, Judge J. K. Henry, and a jury, under an indictment charging him with assault and battery upon M. B. Kiser, with a shotgun, with intent to kill and murder the said M. B. Kiser, on the 12th day of December, 1929. Upon a verdict of guilty the defendant was sentenced to serve a term of 10 years at hard labor upon the public works of Colleton County or a like term in the State Penitentiary. From the verdict, sentence, and judgment of the lower Court, the defendant, upon due notice, has appealed to this Court, imputing error to the trial Judge in the particulars set forth in the several exceptions, which we will consider in the order presented.

Exception I. "The Court erred in not granting a continuance of the case upon the ground of the defendant's physical condition and the condition of his infant child, the error being that such refusal was an abuse of discretion and not conformable to the orderly trial of cases in South Carolina."

As disclosed by the record before us, the trial Judge made diligent inquiry as to the physical condition of the defendant and his child for the purpose of determining whether or not the defendant was able to attend Court, and, with this end in view, his Honor examined, in open Court, physicians who had made a physical examination of the defendant and the defendant's child. After hearing the statement of the physicians as to the condition of the defendant and his child, his Honor reached the conclusion that the defendant was able to come to trial, and therefore, refused the motion for a continuance. Thereafter, counsel for the defendant moved for a continuance upon the ground that he had not had sufficient time to prepare the case, having only recently been employed. This motion was also overruled, but the case was not forced to trial immediately but was set for two or three days later.

There was no abuse of discretion on the part of the trial Judge in overruling the motion for a continuance, and, therefore, under the well-recognized rule, this exception cannot be sustained. As this Court has often declared, matters of continuance must be left to the sound discretion of the Court, and unless it clearly appears from the record that there was an abuse of discretion, this Court will sustain the action of the trial Judge. See *State v. Walker*, 79 S. C., 107, 60 S. E., 309; *State v. Francis*, 152 S. C., 17, 149 S. E., 348, 70 A. L. R., 1133; *State v. Martin*, 155 S. C., 495, 152 S. E., 738.

Exception II. "The Court erred in refusing to withdraw the case from the jury after the witness, M. B. Kiser, had testified, the error being that the witness

was not in any condition to be cross-examined, thereby depriving the defendant of the substantial right of cross-examination."

It appears from the record that M. B. Kiser, the prosecuting witness, to whom reference is made in the exception, was brought into the courtroom in a rolling chair, in a reclining position, under the care of two physicians and a nurse. It further appears that Kiser had been in the hospital a greater part of the time after being shot by the defendant as charged. Counsel for appellant, it appears, after the direct examination of this witness, did not attempt to make a cross-examination, and states in his brief that he did not do so because he did not feel that he could "conscientiously ask the witness a single question," and made a motion to have the case withdrawn from the jury upon the ground, it appears, that it would be improper for him to undertake to cross-examine him on account of his physical condition. Counsel cites, in support of this motion, the case of *State v. Bigham,* 133 S. C., 491, 131 S. E., 603. According to our view the case cited is not in point. On the trial of the *Bigham case* one of the witnesses, after examination by the State, died before the defendant had an opportunity to cross-examine him. In the case at bar the defendant made no effort to cross-examine the witness. The exception must be overruled.

Exception III. "The Court erred in charging the jury as follows: 'If he has established those things by the preponderance of the evidence each one of them, then, he is entitled to be acquitted on the plea of self-defense, that is, his only defense I believe he has. If he has not established that and find him guilty of one or the other verdicts,' the error being that such charge deprived the defendant of the plea of not guilty."

In passing upon this exception we must hold, as this Court has often declared when considering similar questions, when the charge is considered as a whole it will be seen that the

appellant has no real ground for complaint. The trial Judge, at the beginning of his charge, used the following language to the jury: "The charge is assault and battery with intent to kill and murder. The plea is not guilty. That makes the issue for you to settle. Is he guilty or is he not guilty? A very simple issue. The plea of not guilty necessitates the State establishing to your satisfaction beyond any reasonable doubt his guilt before it can ask you to find the defendant guilty of anything. The reason of that rule of law is that every man who is put on trial for any offense, large or small, the law presumes to be innocent of any charge until evidence is furnished sufficient to remove that presumption of innocence before it can ask for his conviction."

This part of the charge must be considered in connection with the language complained of in this exception. Furthermore, if his Honor misstated the issues to the jury, in charging the language complained of in this exception, it was the duty of the appellant's counsel to call the attention of the Judge to this at the time, and, having failed to do so, should not now be heard to complain. At the conclusion of the Judge's charge, his Honor asked if there was anything further. To this question, so far as the record discloses, counsel for appellant made no reply, except that he would like for his Honor to charge the jury "the right to act on appearances." And his Honor answered that he had already charged that. The trial Judge was very likely led to believe that the issues had been properly stated. In support of the views we have expressed in this case, attention is called to the case of *State v. Pittman,* 137 S. C., 75, 134 S. E., 514; *State v. Cameron,* 137 S. C., 371, 135 S. E., 364. We are unable to sustain the error alleged.

Exception IV. "The Court erred in sentencing the defendant to serve ten years in the State Penitentiary, the error being that such sentence was not in conformity with the common usage and practice in this State

governing punishment in such cases, and repugnant to the Constitution of South Carolina."

The punishment for the crime of which the appellant was convicted is, under the law of this State, statutory and common law, left to the discretion of the trial Court, and the punishment imposed in this case (10 years) is not in excess of the Court's authority nor can the sentence be regarded as "cruel and unusual punishment." We may add, also, that, if the defendant committed the crime he is alleged to have committed, and the jury by their verdict and the trial Judge by refusing to set the verdict aside have said he was guilty, we cannot say the sentence was too severe. Testimony adduced at the trial tends to show that the prosecuting witness, M. B. Kiser, at the time he was shot by the defendant was a game warden under the laws of this State, and was in the employ of Peter Bradley in Colleton County for the purpose of watching and caring for a plantation of the said Peter Bradley, in said county, known as the Ravenwood Plantation, which was duly posted to prevent persons from hunting and fishing thereon; that on the night of December 12, 1929, while thus engaged in the discharge of his duty and trying to detect trespassers on the said lands and prevent trespassing thereon, and, it appears, perform his duty as game warden under the laws of South Carolina, he detected a party of hunters on the said plantation, one of whom, the proof tends to show, was the defendant, and when hailed by Kiser the defendant fired upon Kiser with a shotgun and seriously wounded him, the shot taking effect in his face and totally blinding him; he had to remain in the hospital for a long time, one eye had to be removed, and he was caused great pain and suffering; at the time of the trial in the lower Court he was totally blind. It further appears from the testimony, or at least there was strong testimoney to that effect, that the defendant shot Kiser without a just cause or excuse and without any warning whatsoever. With these facts before the trial Judge, we cannot say that

his Honor should have imposed a lighter sentence. Furthermore, this Court has no power to reduce the sentence or to reverse the judgment on that account, the term of sentence imposed being within the trial Judge's authority and discretion.

The exceptions must be overruled, and the judgment of this Court is that the judgment of the lower court be and is hereby affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.