14363

STATE v. JONES

(188 S. E., 178)

2

*Messrs. J. K. Owens* and *J. J. Evans,* for appellant,

*Messrs. S. S. Tison, Solicitor,* and *N. W. Edens,* for respondent,

October 29, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On September 26, 1935, the defendant, Jasper Jones, was tried in the Court of General Sessions for Marlboro County

upon an indictment charging him with the murder of one G. W. Cole. He was convicted of manslaughter and sentenced to imprisonment for a period of eight years.

The homicide occurred on August 17, 1935, at the defendant's home in the Town of McColl. It appears that Jones was a policyholder in the Virginia Life Insurance Company; and that Cole represented this company as an assistant district manager, whose duties were to visit the homes of some of the policyholders every few months "to make inspections" with regard to premiums paid; that is to say, to see if the premium receipt book which the policyholder kept in his possession and the book of the agent of the company who collected the premiums were "marked up correctly." Jones claimed that he had ordered Cole, because of his offensive and insulting conduct on the occasion of at least one of his visits, to stay away from defendant's house, but that he would not do so. In addition to his plea of not guilty, the defendant pleaded self-defense and defense of the home.

Upon call of the case for trial, counsel for Jones moved for a continuance beyond the term, upon the following ground: "That the homicide occurred within the past thirty days, and on the eve of the trial, on yesterday, we received a letter containing information as to certain evidence that might be of benefit to the defendant." This letter, dated September 24, 1935, was exhibited to the Court. It indicated that the writer had conferred with some one, and was advised that Cole at one time was connected with the Norfolk & Western Railway as fireman or engineer, but was discharged for infractions of its rules; that he thereafter went to Roanoke and was employed by the Virginia Life Insurance Company, and "they also let him out for some reason not known to my informer"; that later he was reinstated with this company and was sent to Florence, S. C.; but that before going to that city he was with the company at Anderson, where he was shot by his wife and seriously wounded.

The trial Judge refused the motion for the reason, as stated by him, that the letter contained no information which would serve as a basis for the exercise by the Court of a "wise, judicial discretion in continuing the case"; that no names of prospective witnesses were given, the writer merely stating that he had heard certain things; that the Court had no power to require residents of Virginia to respond to a subpœna; and that the testimony at Anderson, which counsel for the defendant already had in their possession, would be merely cumulative. Also, to prove specific acts of violence, such acts must be closely associated in point of time to be admissible at all, which was not shown by the letter.

Appellant argues that the Court abused its discretion, which amounted to manifest error of law, in not continuing the case under the circumstances detailed. We are not in agreement with this contention. An inspection of the letter relied upon, without further reference to its contents, satisfies us that Judge Shipp's analysis of it was entirely correct, and that he could not have done otherwise than to refuse the motion. The additional contention that the appellant was entitled to more time in which to prepare his case, is also wholly without merit. While an accused person should not be rushed into trial without full opportunity to meet the accusation made against him (*State v. Rabens,* 79 S. C., 542, 60 S. E., 442, 1110), five weeks had elapsed in the case at bar between the date of the homicide and the date on which the trial was had, and the appellant made no satisfactory showing that such time was not ample for the preparation of his case. We approve the action of the trial Judge in refusing a continuance. See *State v. Crosby,* 160 S. C., 301, 158 S. E., 685; *State v. Kennedy,* 177 S. C., 195, 181 S. E., 35.

Error is also assigned to the trial Court in not sustaining appellant's objection to certain testimony of the State's witness, H. D. Long, and especially in permitting him to answer the following question: "What

were Mr. Cole's duties with reference to this premium receipt book?"

The contention is, and was made the ground of objection below, that the duties of Cole were contractual obligations between him and the insurance company and that the defendant was not bound by them any further than might appear from the terms of the policy itself; that, certainly, the company could have no right to authorize its agents to enter upon the premises of the insured over his objection for any reason whatsoever.

Judge Shipp ruled that the witness might answer the question for the purpose of showing what Cole's duties were, it being purely a question of what his business was; but also at the time made the following statement: "Of course, if it appears from the evidence that he was forbidden to go to the house, he had no right to go there. I will rule on that when it comes up." And in his charge to the jury he told them that a man "has the right to forbid any one to come into his home, and if he gives notice to some one not to enter his home, a person so entering after notice not to enter becomes a trespasser." He also charged that "if a man is in his own home and has forbidden somebody else to enter in there, he has the right to use such force as is reasonably necessary to prevent that person from entering."

An examination of the record convinces us that the testimony was merely intended to show what Cole's duties were, and was admissible for that purpose. In no event could the jury have been misled or the appellant prejudiced by it, as contended; for the Court was, as already stated, careful at the time the objection was made to make clear the purpose of the question, and to also state that Cole had no right to attempt to enter defendant's home if he were ordered by the appellant not to do so.

By the third exception, it is charged that error was committed in not requiring the witness, Long, to answer, on cross examination, the following question: "Have you got divorce proceedings started?" Long had just

testified that he was a citizen of this State, and counsel for the defendant claimed that the question "was proper for the purpose of testing his veracity." The Court held, however, that it was not relevant to any issue in the case, that the witness could not be contradicted thereabout, and that it did not go to his credibility at all. It is argued here that such holding was wrong, for the reason it could not be assumed with any certainty that a contradiction would be necessary, as the witness might have told the truth about the matter.

It was said in *State v. Crosby*, 88 S. C., 98, 70 S. E., 440, 443, that "the extent to which an attorney shall be permitted to cross examine a witness is limited by the discretion of the presiding Judge, and his ruling in this respect is not appealable, unless there has been an abuse of discretion." From the record before us, we cannot say that the trial Judge in the case at bar committed manifest error of law, as contended by the appellant; in other words, that his ruling with respect to the question amounted to an abuse of discretion.

We will consider Exceptions four, five and six together, as they all relate to alleged error of the trial Judge in sustaining objections to questions asked the witness, Long, in regard to the conduct of the deceased prior to the homicide. During the cross examination of this witness, counsel for the defendant sought to have him answer a number of questions in regard to Cole's method of collecting premiums and his insulting manner in doing so, and as to whether or not the company had lost considerable business on account of it. One of these questions was: "Were you at Jim Jones' when Cole went there and tried to collect money that was not due and tried to collect insurance in advance?" Another: "Did not Cole frequently act in a very offensive and insulting manner in making his collections?" Upon objection by the State, the trial Judge ruled, in substance, as follows: That the decedent's reputation for turbulence and violence was admissible in evidence, provable in the usual manner, and that any difficulty between the accused and the decedent was also admissible, but that differences

between the deceased and third persons, except such acts of violence as were closely connected in point of time, were not admissible. Under the application of the rule thus stated, some of the questions asked were held to be improper.

In *State v. Hill*, 129 S. C., 166, 123 S. E., 817, it is said: "The rule is that evidence of other specific instances of violence on the part of the deceased are not admissible, unless they were directed against the defendant, or, if directed towards others, were so closely connected in point of time or occasion with the homicide as reasonably to indicate the state of the mind of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm."

A close reading of the record convinces us that there was no error as complained of. In his rulings on objections made to the testimony thus sought to be elicited, the trial Judge was careful to give to defendant all that he was entitled to; that is to say, to exclude only such evidence as was not admissible under the rule stated in the *Hill case*.

When the defendant was on the stand, in response to questions asked him by the solicitor, he stated that he knew that Cole came to appellant's "house about an insurance premium"; but that "Mr. Long came to collect." He stated further that he did not know what Cole "came for after he came in like he did." The solicitor then observed that the witness had just said that Cole "came there to collect insurance premiums." At this point Mr. Owens, of counsel for the defense, made this statement: "No, he said that Mr. Long came to collect the insurance premiums; he didn't say that Mr. Cole did." And the Court also observed: "Yes, he said that Mr. Long came to collect." The solicitor then made this remark: "The first time he said that Mr. Cole came to collect it."

Counsel for the appellant object to the last statement made by the solicitor. They earnestly argue that it was highly prejudicial to the defendant for Mr. Tison, the State's prosecuting attorney, to make a positive statement, as he did, in

contradiction of the witness, particularly so after his attention had been called to his mistake by the Court.

While the remark cannot be held to have been proper in the circumstances, still we do not think it was harmful to the appellant as counsel seem to contend. It was clearly established by the evidence, and we are satisfied was so understood by the jury, that it was not the duty of Cole, an assistant district manager, to collect the insurance premiums, but that his visits to the homes of the policyholders were for the purpose of "making inspections" with regard to premiums that had been collected by the agents of the company.

Finally, the appellant asserts that the presiding Judge, in view of the fact that he had already fully instructed the jury as to the law, committed error when he closed his charge with the following statement: "If you have a reasonable doubt as to whether he is guilty of murder or of manslaughter, give him the benefit of that doubt and find him guilty of the lesser offense." It is argued that the use of this language, at the time and place it was used, constituted a charge on the facts; in other words, that it expressed the opinion of the Court, "unwittingly and instinctively," that there was only one question for the jury to decide, and that was a decision between murder and manslaughter.

We are not in accord with this view. It is elementary that the charge must be considered as a whole in determining whether error was committed; and when that is done in this case, no ground for complaint appears. As given, the instructions were a full, clear, and fair statement of the law applicable to the issues involved. We do not think that it can be successfully argued that the excerpt objected to, when read in connection with the entire charge, as it should be, was an expression of the opinion of the trial Judge as to the facts, or could possibly have confused or misled the jury in any way.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

Messrs. Justices Bonham, Baker and Fishburne and Mr. Acting Associate Justice A. L. Gaston concur.